UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEEN GARRETT,

      Plaintiff,                                    Case No. 04-71792

v.                                                Honorable John Corbett O'Meara

AMERITECH SICKNESS AND ACCIDENT
DISABILITY PLAN,

      Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the court on cross motions for summary judgment filed October 1, 2004. Responses and reply briefs were filed, and the court heard oral argument December 10, 2004. The court ruled in favor of plaintiff Kristeen Garrett, finding that Defendant's denial of benefits was arbitrary and capricious. Plaintiff filed proposed findings of fact and conclusions of law December 28, 2004. Defendant Ameritech Sickness and Accident Disability Plan ("Plan") filed objections January 7, 2005.

## FINDINGS OF FACT

1. Plaintiff Kristeen Garrett claimed short-term disability benefits under an employee welfare benefit plan pursuant to the Employment Retirement Income Security Act of 1994 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

2. Ameritech is the administrator and sponsor of the Plan; it also pays the benefits authorized under the Plan.

3. Ameritech appoints SBC Medical Absence and Accommodations Resource Team (SMAART") to administer the Plan and to grant and or deny claims in Michigan.

4. Plaintiff filed her complaint April 20, 2004, requesting disability benefits, reasonable attorney fees, costs, expenses and interest.

5. Plaintiff was a communication specialist for Defendant and began her employment with Defendant's predecessor on October 6, 1974.

6. The Plan defines "disability" as follows: "A sickness or injury, supported by objective medical documentation, that prevents the Eligible Employee from performing the duties of his/her last Company or Participating Company-assigned job with or without reasonable accommodations . . . ." Plan § 2.4.

7. To qualify for benefits, the Summary Plan Description ("SPD") provides that a claimant must,

> Place yourself under a physician's care, be following a treatment plan reasonably designed to result in your recovery and return to work, and as requested by the Disability Service Center, furnish medical evidence of your disability from your physician (the Company will provide forms for this certification, which must be completed and returned with all applicable medical records);
>
> Report for medical examinations by a physician designated by the Company when requested. . . .

SPD at 10.

8. Dr. Susan Rice, Plaintiff's family physician, and Dr. Mark Kachadurian, her neurologist, determined that Plaintiff was unable to work as of September 27, 2002.

9. Plaintiff provided medical documentation that beginning September 27, 2002, she suffered from a variety of medical conditions.

10. Plaintiff treated with her doctors 11 times between September 18, 2002, and January 13, 2003, during which time she was admitted to the hospital.

11. In its first denial, Defendant briefly summarized portions of Dr. Rice's office notes and concluded, without analysis, that "the clinical information provided does not support your inability to perform you occupation . . . ." Administrative Record ("AR") at 48-49.

12. Plaintiff appealed the denial to the Plan Administrator on December 3, 2002.

13. Plaintiff returned to work January 27, 2003.

14. The Plan Administrator submitted Plaintiff's claim file to Defendant's doctors for review February 27, 2003.

15. Defendant's neurologist cited only Plaintiff's "complaints of diarrhea, cramps and constipation" and mentioned no other symptoms or diagnoses. AR 4-5.

16. Defendant's gastroenterologist agreed with Plaintiff's treating physicians as follows:

    > The underlying gastrointestinal diagnosis is nausea and vomiting which, in large part, have been related to her migraines. In addition, she had the complicating factor of antral gastritis, which developed due to non-steroidal anti-inflammatory drugs used to treat the migraine headaches. Her upper endoscopy dated 10/30/02 showed antral gastritis, erosions and a punctuated ulceration within the antrum. AR 6.

17. Defendant's gastroenterologist quoted only one sentence from all of the records submitted, and that quote referred to an improved condition two and one-half months after the onset of disability.

18. Defendant's gastroenterologist repeatedly stated, "Ms. **Allen** is not disabled," rather then using Plaintiff's name, Ms. Garrett. AR 7.

19. Both reviewing doctors chose to submit their reports without examining the claimant and without speaking with her treating physicians as the Plan allowed.

20. In its final denial on March 11, 2003, SMAART summarized only Dr. Rice's January 15, 2003 letter. It condensed all of the other medical documentation into one sentence, stating, "After a review of the medical information by SMAART and the independent physician advisors, the decision was made to partially uphold the denial for the denial/appeal period." AR 1-2.

21. The parties filed cross motions for summary judgment October 1, 2004; oral argument was heard December 10, 2004.

## CONCLUSIONS OF LAW

1. The court has jurisdiction pursuant to 29 U.S.C. § 1132(e).

2. The "arbitrary and capricious" standard of review applies to this case. See University Hosp. of Cleveland v. Emerson Elec. Co., 202 F.3d 839 (6th Cir. 2000).

3. The standard of review is tempered because of Defendant's conflict of interest in administering the Plan. See Brown v. Blue Cross & Blue Shield of Alabama, 898 F.2d 1556 (11th Cir. 1990).

4. ERISA requires "full and fair" assessment of claims and specific reasons for a denial. 29 U.S.C. § 1133.

5. An insurance company's selective review of evidence is an unreasonable basis to deny disability benefits. See Williams v. International Paper Co., 227 F.3d 706 (6th Cir. 2000).

6. In this case the court finds that Defendant's denial of short-term disability benefits was arbitrary and capricious because Defendant provided no medical basis to disregard the treating physician's opinions and documents.

7. The court also finds that Defendant's denial of short-term disability benefits was arbitrary and capricious because Defendant's denial was based on a selective review of the record.

8. Judgment will be entered in favor of Plaintiff against Defendant for past short-term disability benefits from October 7, 2002, through January 26, 2003, plus an amount for Defendant's contribution to Plaintiff's 401K account in accordance with the Plan. If the parties are unable to agree on the amount of the contribution, the court retains jurisdiction to determine the amount.

9. Defendant is ordered to pay reasonable attorney fees, costs, expenses and interest.


          s/John Corbett O'Meara
          John Corbett O'Meara
          United States District Judge


Dated: April 29, 2005