UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEEN GARRETT,

       Plaintiff,

                                                                Case No. 04-71792

v.

                                                                Hon. John Corbett O'Meara

AMERICAN SICKNESS AND ACCIDENT
DISABILITY PLAN,

       Defendant.

_____/

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR ENTRY OF ACTUAL COSTS

Before the court is plaintiff Kristeen Garrett's Motion for Entry of Actual Costs, filed March 9, 2006. Defendant submitted a response on April 10, 2006. Defendant replied on April 19, 2006. For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

The underlying action is an ERISA claim for short-term disability benefits. Both parties filed for summary judgment on October 1, 2004. After hearing oral argument, the court granted Plaintiff's motion for summary judgment on December 10, 2004. On April 29, 2005, the court entered its Findings of Fact and Conclusions of Law, ordering Defendant to pay reasonable attorney fees, costs, expenses and interest. The court then entered judgment in favor of Plaintiff in the amount of $31,646.21 on June 21, 2005. This figure included $497.71 in interest and $13,962.50 in attorney fees.

On June 30, 2005, Defendant filed a motion for reconsideration; and the court ordered Plaintiff to respond. Plaintiff responded on January 6, 2006; and Defendant replied on January 17, 2006. On February 24, 2006, the court denied Defendant's motion for reconsideration, noting, "In this case Defendant has presented no new law or facts but simply attempts to relitigate issues previously argued and decided by the court."

Plaintiff filed this motion of entry of actual costs on March 9, 2006, requesting $2,160.00 in attorney fees for the time spent responding to Defendant's motion for reconsideration. This figure represents 13.5 hours of work at a rate of $160.00 per hour, and includes three hours of file review and 10.5 hours of research, drafting, and editing. Defendant responded on April 10, 2006; and Plaintiff replied on April 17, 2006.

## **LAW AND ANALYSIS**

Defendant argues that Plaintiff's request for $2,160.00 is grossly excessive and that it should not be "sanctioned" for moving for reconsideration. Section 502 of ERISA sets forth the availability of attorney fees: "In any action under this subchapter … by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132 (g)(1). The Sixth Circuit has interpreted this language to afford district courts "broad discretion in awarding attorneys' fees." Hoover v. Provident Life and Accident Co., 290 F.3d 801, 809 (6th Cir. 2002). In determining whether fees are appropriate, the court considers the following factors:

> 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions.

Id.

In this case, Defendant concedes that it would be able to pay the award. The other factors are all in dispute. Plaintiff contends that Defendant is highly culpable and in possession of a meritless position because its motion for reconsideration proffered no new facts or legal foundation. Defendant responds by reiterating the high points of its motion for reconsideration; however, the court has already ruled on the merits of that motion, finding that Defendant "simply attempts to relitigate issues previously argued and decided by the court."

Defendant further argues that there is no need to deter this sort of activity because reconsideration is more cost-effective and expedient than immediate appeal. Perhaps this is true in some cases; however, Defendant's failure to present new facts or legal arguments in its motion for reconsideration undercuts its position.

Similarly, Defendant's claim that the 13.5 hours Plaintiff spent responding to its motion for reconsideration were grossly excessive lacks support. It was Defendant, not Plaintiff, who triggered this work with a 13-page motion and supporting brief. In addition, though the court ultimately denied the motion, the stakes were indeed high; had the motion been granted, the case would have been remanded. Defendant cannot ask that its motion be taken seriously and then turn around and cry foul when Plaintiff obliges.

Finally, Plaintiff should receive post-judgment interest. This is consistent with the court's earlier judgment in this case, as well as 28 U.S.C. § 1961 and Sixth Circuit law. See Caffey v. Unum, 302 F.3d 576, 586 (6th Cir. 2002).

**ORDER**

Therefore, **IT IS HEREBY ORDERED** that the March 9, 2006 Motion for Entry of Actual Costs of Kristeen Garrett is **GRANTED**.

                                           s/John Corbett O'Meara
                                           United States District Judge

Dated: August 6, 2006

Certificate of Service

     I hereby certify that a copy of this Order was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on August 6, 2006.

                                           s/William J. Barkholz
                                           Courtroom Deputy Clerk